# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DEVINEY CONSTRUCTION COMPANY, INC.                    PLAINTIFF

VS.                                    CIVIL ACTION NO.3:11cv468DPJ-FKB

ACE UTILITY BORING & TRENCHING, LLC
and PENNSYLVANIA NATIONAL MUTUAL CASUALTY
INSURANCE COMPANY D/B/A PENN NATIONAL
INSURANCE COMPANY                                     DEFENDANTS

## AMENDED COMPLAINT
## (JURY TRIAL DEMANDED)

COMES NOW Deviney Construction Company, Inc. ("Deviney") and files this its

Amended Complaint against Ace Utility Boring & Trenching, LLC ("Ace") and Pennsylvania

National Mutual Casualty Insurance Company d/b/a Penn National Insurance Company ("Penn")

and would show unto the Court as follows:

## PARTIES

1.

Deviney is a Mississippi Corporation authorized to do and doing business in the

State of Mississippi whose address is Post Office Box 6717, Jackson, MS 39282.

2.

Ace is a Tennessee Corporation whose address is 929 Airways Boulevard,

Jackson, Tennessee 38301 who may be served with process of this Court pursuant to Rule 4 of

Federal Rules of Civil Procedure.

3.

Penn is an insurance company organized in the State of Pennsylvania and who is licensed and authorized to do business in the State of Mississippi and who may be served with process of this Court pursuant to Rule 4 of <u>Federal Rules of Civil Procedure</u> by serving its agent for service of process, CT Corporation System of Mississippi, 645 Lakeland East Drive, Ste. 101, Flowood, Mississippi 39232.

<u>JURISDICTION</u>

4.

Jurisdiction is proper pursuant to 28 U.S.C. Section 1332 as there is complete diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00.

<u>FACTS</u>

5.

Deviney is an underground utility contractor who performs outside plant utility work for various telecommunication companies in various states. That from time to time Deviney pursuant to Independent Contractor Agreements assigns certain work to be performed by independent contractors.

6.

That on or about September 14, 2007 Deviney entered into an Independent Contractor Agreement with Ace. A true and correct copy of the Independent Contractor Agreement is attached hereto and made a part hereof as Exhibit "A". That pursuant to the Independent Contractor Agreement, Ace was to provide certain liability insurance and indemnity in favor of Deviney. Section 22 of the Independent Contractor Agreement titled "Liability

Insurance" provides as follows:

"22. LIABILITY INSURANCE
Independent Contractor shall provide and maintain, at its own expense, the following <u>minimum types and amounts</u> of insurance, with insuring companies and in such form as shall be satisfactory to Company:

A. Worker's Compensation insurance in accordance with the Workers Compensation Law of the state or states in which the subcontract is to be executed, including employer's liability coverage with a liability limit of $100,000 per employee for all workers, employees, servants and others employed by Independent Contractor.

B. Comprehensive automobile liability insurance, with minimum limits of liability being $500,000 each occurrence, bodily injury or property damage, or both combined.

C. Comprehensive general liability insurance with the "explosion, collapse, and underground exclusions" eliminated, including products-completed operations coverage, with <u>MINIMUM</u> limits of liability of $500,000 each occurrence, bodily injury or property damage, or both combined. The policy shall provide for protective liability insurance with respect to operations of Independent Contractor, and shall include contractual liability coverage for the following indemnity agreement, which agreement is hereby made a part of the contract between the Company and the Independent Contractor:

IN consideration of the specific sum of Ten Dollars ($10.00), the receipt of which he acknowledges, the Independent Contractor shall indemnify and hold harmless the Owner, Company and Architect, and their agents and employees, from and against all claims, damages, losses and expenses, including attorneys fees, resulting from injury to or death sustained by any person (including Independent Contractor and/or Independent Contractor's employees) or damage to property of any kind, which injury, death or damage arises out of or in any way is connected with the Independent Contractor's performance of or failure to perform the work.

Company and Independent Contractor agree that the liability of Independent Contractor to indemnify and hold Company harmless shall not exceed the sum of $500,000 for bodily injury and property damage arising out of one occurrence.

Company shall be shown as an additional insured as pertains to general liability on automobile insurance coverage.

Certificate for the above insurance shall be furnished to:

Richard Black
Deviney Construction Company, Inc.
Post Office Box 6717
Jackson, MS 39282-6717

Independent Contractor shall not sublet or subcontract any part of this Agreement without assuming absolute responsibility for requiring similar insurance from its subcontractors and suppliers. No policy will permit cancellation without fifteen (15) days prior written notice of cancellation to Company. Failure of Independent Contractor to maintain complete insurance, or if said insurance is cancelled may be deemed a material breach allowing Company to terminate this Agreement or to provide insurance at Independent Contractor's sole expense; in neither case, however, shall Independent Contractor's liability be lessened."

Further, Section 23 of the Independent Contractor Agreement titled "Indemnity" provides as follows:

"23. INDEMNITY

Independent Contractor shall indemnify and hold harmless Company and its directors, officers, employees and agents (collectively the "Indemnitees") and each of them from and against any loss, costs, damages, claims, expense (including attorneys' fees) or liabilities (collectively referred to as "Liabilities") by reason of any injury to or death of any person or damage to or destruction or loss of any property arising out of, resulting from, or in connection with (I) the performance or nonperformance of the work contemplated by this Agreement which is or is alleged to be directly or indirectly caused, in whole or in part, by any act, omission, default, negligence (whether active or passive) of Independent Contractor or its employees, agents or subcontractors, regardless of whether it is, or is alleged to be, caused in whole or part (whether joint, concurrent or contributing) by any act, omission, default or negligence (whether active or passive) of the Indemnitee, or any of them or (ii) the failure of Independent Contractor or its employees, agents, or subcontractors to comply with any of the Articles herein or the failure of Independent Contractor or its employees, agents, or subcontractors to conform to statutes, ordinances, or other regulations or requirements of any governmental authority in connection with the performance of the services provided for in this Contract. Said indemnity shall include but not be limited to injury or damage which is or is alleged to be caused in whole or in part by any act, omission, default or negligence of Independent Contractor or its employees, agents, or subcontractors. Independent Contractor expressly agrees to indemnify and hold harmless the Indemnitees, or any of them, from and against all Liabilities which may be asserted by an employee or former employee of Independent Contractor, or any of its subcontractors, as provided above, for which Independent Contractor's liability to such employee or former employee would otherwise be limited to payments under state Workers Compensation or

similar laws.

(b) Independent Contractor further agrees to indemnify and hold harmless the Indemnitees from and against (I) any and all penalties imposed on account of the violation of any law, ordinance, order, rule, regulation, condition, or requirement, in any way relate, directly or indirectly, to Independent Contractor or its employees', agents', or subcontractors' performance hereunder, compliance with which is left by this Agreement to Independent Contractor and (ii) any and all claims, liens and/or suits for labor and materials furnished by Independent Contractor or its employees, agents, or subcontractors or utilized in the performance of this Agreement or otherwise.

(c) Where not specifically prohibited by law, Independent Contractor further specifically agrees to indemnify and hold harmless the Indemnitees from all Liabilities, by reason of any injury, death, or damage to any person or property whatsoever, caused by, arising from, incident to, or connected with the performance or nonperformance of the work contemplated by this Agreement which is, or is alleged to be, caused in part (whether joint, concurrent, or contributing) or in whole by any act, omission, default, or negligence (whether active or passive) of the Indemnitees. The foregoing indemnity shall also include liability imposed by any doctrine of strict liability. Company and Independent Contractor further agree that the liability of Independent Contractor to save harmless and indemnify the Indemnitees for damages caused solely by any act, omission or default of the Indemnitees shall not exceed the sum of $1,000,000 for property damages arising out of any one occurrence and $1,000,000 for bodily injury or death arising out of any one occurrence. This indemnity agreement shall not apply not only to claims and suits against the Indemnitees alone, but also to those claims and suits brought against Independent Contractor and the Indemnitees jointly, or any other combination. In the event of a joint verdict and judgment, the above stated limit shall apply to the portion of the verdict or judgment which is against the Indemnitees.

(d) Independent Contractor further agrees to reimburse Company for and/or hold it harmless against any and all attorneys' fees and other expenses and costs incurred in pursuing any claim, suit or lien brought by Company against Independent Contractor or those acting under its direction arising out of or resulting from a breach by Independent Contractor or those acting under its direction of any provision of this Agreement or performance or nonperformance hereunder.

(e) Company and Independent Contractor agree that any judgment entered against the Indemnitees, or any of them, or Independent Contractor, shall not be determinative of the issue as to whether the act, omission, default or negligence upon which the action was brought was that of the Indemnitees or of Independent Contractor.

(f) Independent Contractor shall, at its sole cost, expense, and risk, defend any claim, suit, action or other legal proceeding (collectively "action") arising out of the performance or nonperformance of this Agreement brought jointly against the

Indemnitees or any of them and Independent Contractor or against any of the Indemnitees, shall pay and satisfy any judgment or decree which may be rendered against any of the Indemnitees in any such action and shall pay any costs and attorney's fees which may be incurred by the Indemnitees in connection therewith and/or in enforcing the indemnification provisions set forth above. Should Independent Contractor, in judgment of Company, ignore or fail to properly handle or defend any such action, Company may at its option assume and undertake, or join the handling or defense of any such action, and in the event that Independent Contractor will reimburse Company for attorney's fees and other expenses incurred by it in handling or defending same, including any amounts paid by Company in settlement thereof or in satisfaction of any judgment rendered."

7.

As part of the requirements above, Ace provided Deviney with a Certificate of Insurance. A true and correct copy of the Certificate of Insurance is attached hereto and made a part hereof as Exhibit "B". Deviney alleges that it was an additional insured under the Commercial General Liability Policy issued to Ace by Penn.

8.

That on or about September 15, 2007 Ace was doing work assigned to it by Deviney in Philadelphia, Neshoba County, Mississippi. This work included but was not limited to underground boring for the placement of underground utilities. That while performing said work Ace bored into an underground gas pipeline owned by Centerpoint Energy Resources Corp., d/b/a Centerpoint Energy Mississippi Gas. The rupture of this pipeline caused certain gas to escape which subsequently exploded causing alleged personal injuries and property damage to persons, firms and corporations in Philadelphia, Mississippi (hereinafter referred to as "the incident").

9.

That subsequent to the incident various persons, firms and corporations filed lawsuits seeking damages against Deviney. A list of the lawsuits filed naming Deviney as a Defendant is attached hereto and made a part hereof as Exhibit "C".

10.

That Deviney upon receipt of each lawsuit demanded that Ace and its insurer, Penn defend, indemnify and hold harmless Deviney under the terms of the Independent Contractor Agreement and the terms and provisions of the policy of insurance issued by Penn to Ace of which Deviney was an additional insured.

11.

That Ace and Penn have refused and failed to indemnify, defend and hold harmless Deviney in connection with the lawsuits filed by the Plaintiffs listed in Exhibit "C" against Deviney.

FIRST CAUSE OF ACTION AS TO ACE

(BREACH OF CONTRACT)

12.

Deviney reincorporates and realleges all allegations set forth in Paragraphs 1-11 above.

13.

Deviney alleges that Ace has breached the Independent Contractor Agreement by failing to indemnify, defend and hold harmless Deviney from all demands, actions, claims, and cause of actions set forth in all of the lawsuits set forth in Exhibit "C". Further, Ace has failed to reimburse Deviney for all of its costs and expenses including attorneys fees under the terms of the Independent Contractor Agreement.

SECOND CAUSE OF ACTION AS TO PENN

<u>(BREACH OF CONTRACT)</u>

14.

Deviney reincorporates and realleges all allegations set forth in Paragraphs 1-13 above.

15.

Deviney as an additional insured under the Commercial General Liability Insurance Policy insuring Ace is entitled to be indemnified, defended and held harmless with regard to all of the lawsuits set forth in Exhibit "C".

16.

That Penn has breached its obligation and liability to Deviney by refusing to indemnify, defend and holding Deviney harmless in connection with the lawsuits set forth in Exhibit "C".

<u>DAMAGES</u>

17.

That as a direct and proximate result of the breach of contract and actions of the Defendants, Deviney has sustained damage which include but are not limited to attorneys fees, costs and expenses in defending itself in the lawsuits set forth in Exhibit "C". Deviney will continue to incur attorneys fees, costs and expenses. Further, Deviney is entitled to recover its attorneys fees and costs in bringing this action.

WHEREFORE Deviney demands judgment of, from and against the Defendant's, Ace Utility Boring & Trenching, LLC and Pennsylvania National Mutual Casualty Insurance Company d/b/a Penn National Insurance Company, both jointly and severally, for all damages sustained by Deviney as a result of the Defendant's breach of contract including but not limited to attorneys fees, costs and expenses; as well as all attorneys fees, costs and prejudgment and post

judgment interest in bringing this action.

DATED this the 25th day of August, 2011.

Respectfully Submitted,

DEVINEY CONSTRUCTION COMPANY, INC.

BY: _____
MARC E. BRAND

MARC E. BRAND
ATTORNEY AT LAW
POST OFFICE BOX 3508
JACKSON, MS 39207
601-354-7878
MSB# 4301