**DEVINEY CONSTRUCTION COMPANY, INC.**                    **PLAINTIFF**

**VS.**                           **CIVIL ACTION NO. 3:11CV468-DPJ-FKB**

**ACE UTILITY BORING & TRENCHING, LLC,
AND PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY d/b/a
PENN NATIONAL INSURANCE COMPANY**                    **DEFENDANTS**

**And**

**ACE UTILITY BORING & TRENCHING, LLC
AND J.M. DRILLING, LLC**                              **PLAINTIFFS**

**VS.**                           **CIVIL ACTION NO. 3:13cv60HTW-LRA**

**DEVINEY CONSTRUCTION COMPANY, INC.**                **DEFENDANTS**

---

### ACE UTILITY BORING & TRENCHING, LLC'S AND J.M. DRILLING, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

COME NOW, Plaintiffs Ace Utility Boring & Trenching, LLC ("Ace Utility") and J.M. Drilling, LLC ("J.M. Drilling") and submit their Motion for Partial Summary Judgment.[1]  In support, Ace Utility and J.M. Drilling would show the following:

1.       Currently, Deviney Construction Company, Inc. ("Deviney") owes Ace Utility $33,186.61 and J.M. Drilling $216,935.25 in unpaid invoices for work, labor, services and materials provided to Deviney in conjunction with Deviney's work as an underground utility contractor.  This majority of this work was performed pursuant to independent contractor agreements executed between Ace Utility and Deviney on February 9, 2004 ("2004 Ace Utility

---

[1] The present Motion seeks partial summary judgment only with respect to the claims filed by Ace Utility and J.M. Drilling in their capacities as *Plaintiffs*.  Ace Utility and J.M. Drilling are also defendants with respect to certain claims filed by Deviney Construction Company, Inc.  Ace Utility and J.M. Drilling intend to file a separate motion for summary judgment prior to the motion deadline with regard to these claims.

Agreement"), involving work invoiced for $33,186.61, and between J.M. Drilling and Deviney on July 31, 2009 ("2009 J.M. Drilling Agreement"), involving work invoiced for $200,335.25. Additionally, there exists $16,600.00 of invoiced work that was performed by J.M. Drilling that did not take place pursuant to any specific agreement.[2] Importantly, Deviney has never disputed that the invoiced work and labor were performed; that the invoiced materials were provided; or that the invoiced monies are owed.

2. Instead, Deviney has contended that it is allowed to withhold the owed amounts based on alleged indemnity obligations that Ace Utility purportedly owes Deviney for attorney's fees incurred in Neshoba County litigation based on a gas explosion involving Ace Utility and Deviney that occurred on September 15, 2007. These purported indemnity obligations are based on yet another independent contractor agreement entered into between Ace Utility and Deviney on September 14, 2007 ("2007 Ace Utility Agreement"), one day prior to the gas explosion. However, none of the invoices at issue in this litigation were billed pursuant to the 2007 Ace Utility Agreement. In fact, J.M. Drilling was not involved in the Neshoba County gas explosion at all, given that such company was not formed until after the explosion occurred. In an effort to circumvent the fact that J.M. Drilling was not in existence at the time of the gas explosion, Deviney contends that Ace Utility and J.M. Drilling are alter egos of one another and, therefore, the indemnity obligations allegedly owed by Ace Utility are shared by J.M. Drilling.

3. However, even if, for purposes of this Motion only, it is conceded that Ace Utility and J.M. Drilling are alter egos, there is no contractual provision or provision of Mississippi law that would allow Deviney to unilaterally refuse payment of monies that are owed based on the unresolved indemnity obligations which are allegedly owed under an agreement that was

---

[2] J.M. Drilling was created on April 25, 2008; however, J.M. Drilling and Deviney did not execute an independent contractor agreement until November 3, 2008. Despite this, J.M. Drilling performed work for Deviney during the interim time period, and invoices for such work, totaling $16,600.00, have not been paid.

inapplicable at the time the unpaid work was performed. Moreover, and more importantly, even if Deviney arguably could refuse payment based solely on the alleged, unresolved indemnity allegations, again, all of the work that is the subject of the invoices was performed under the 2004 Ace Utility Agreement (in the amount of $33,186.61); was performed without any agreement (by J.M. Drilling in 2008, in the amount of $16,600.00); or was performed under the 2009 J.M. Drilling Agreement (in the amount of $200,335.25). In other words, none of the work that is the subject of the outstanding invoices was performed under the 2007 Ace Utility Agreement, which is the only agreement under which any indemnity obligations could possibly arise given that the explosion occurred on September 15, 2007, one day after the 2007 Ace Utility agreement was executed. Simply put, Deviney has refused to pay overdue invoices, without any arguable basis, thereby supporting claims for bad faith breach of contract, which have been raised in the instant action, as well as the instant motion for Partial Summary Judgment requesting immediate payment of the amounts owed.

4.      Accordingly, Ace Utility and J.M. Drilling respectfully submit the instant Motion for Partial Summary Judgment and request that the Court enter a judgment ordering Deviney to pay $33,186.61 plus pre-judgment interest to Ace Utility in unpaid invoices and pay $216,935.25 plus pre-judgment interest to J.M. Drilling in unpaid invoices.[3]

5.      In support of the instant Motion, Ace Utility and J.M. Drilling offer the following exhibits:

Exhibit A - 2004 Ace Utility Agreement

Exhibit B - Ace Utility Invoices

Exhibit C - Affidavit of John Moore, President of Ace Utility

---

[3] It is pertinent to note that resolution of Ace Utility's and J.M. Drilling's claims for bad faith breach of contract is not requested in this Motion.

Exhibit D - 2007 Ace Utility Agreement

Exhibit E - Amended Complaint, Civil Action No. 3:11cv468

Exhibit F - Ace Utility's Answer to Amended Complaint, Civil Action No. 3:11cv468

Exhibit G - Affidavit of John Moore, President of J.M. Drilling

Exhibit H – Filing Information for J.M. Drilling

Exhibit I - 2008 J.M. Drilling Agreement

Exhibit J - J.M. Drilling Invoices

Exhibit K - 2009 J.M. Drilling Agreement

Exhibit L - Correspondence from J. Moore to R. Black, dated August 20, 2012

Exhibit M - Correspondence from M. Brand, dated September 13, 2012

Exhibit N - Complaint, Hinds County Circuit Court (prior to removal)

Exhibit O - Notice of Removal

Exhibit P - Deviney's Defenses, Answer and Counterclaim

Exhibit Q - Order of Consolidation

WHEREFORE, PREMISES CONSIDERED, Ace Utility Boring & Trenching, LLC and J.M. Drilling, LLC respectfully request that the Court grant their Motion for Partial Summary Judgment and enter a judgment ordering Deviney Construction Company, Inc. to pay $33,186.61 plus pre-judgment interest to Ace Utility Boring & Trenching, LLC in unpaid invoices and pay $216,935.25 plus pre-judgment interest to J.M. Drilling, LLC in unpaid invoices.

Respectfully submitted, this the 10$^{h}$ day of December, 2013.

MCCRANEY, COCO & LEE, PLLC

/s/ Lawrence M. Coco, III

_____
Lawrence M. Coco, III (MSB# 100378)
On behalf of Ace Utility Boring & Trenching, LLC
and J.M. Drilling, LLC

OF COUNSEL

Lawrence M. Coco, III
T. Stewart Lee, Jr.
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone:  601.899.0065
Facsimile:  866.733.2008
Email:  lawrence@mccraneycocolee.com
        stewart@mccraneycocolee.com

**CERTIFICATE OF SERVICE**

I, Lawrence M. Coco, III do hereby certify that I have this date electronically filed the above and foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

This the 10th day of December, 2013.

/s/ Lawrence M. Coco, III

_____

Lawrence M. Coco, III