UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEVINEY CONSTRUCTION
COMPANY, INC.                                                                              PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:11cv468-DPJ-FKB

ACE UTILITY BORING & TRENCHING,                                          DEFENDANTS
LLC, and PENNSYLVANIA NATIONAL
MUTUAL CASUALTY INSURANCE
COMPANY d/b/a PENN NATIONAL
INSURANCE COMPANY

CONSOLIDATED WITH

ACE UTILITY BORING & TRENCHING,
LLC, and J.M. DRILLING, LLC                                                      PLAINTIFFS

v.                                                      CIVIL ACTION NO. 3:13cv60-DPJ-FKB

DEVINEY CONSTRUCTION                                                        DEFENDANT
COMPANY, INC.

ORDER

These consolidated cases are before the Court on a number of dispositive motions.  In the

member breach-of-contract case, Plaintiffs Ace Utility Boring & Trenching, LLC ("Ace") and

J.M. Drilling, LLC ("J.M.") have filed motions for partial summary judgment [42, 43].[1]  Because

Plaintiffs have established that Deviney breached its contracts with Plaintiffs, and Deviney has

not established a genuine issue of material fact as to any of its proffered defenses, the motions are

granted.

_____

[1]The dispositive motions in the lead declaratory-judgment case are addressed by separate
order.

I.      Facts and Procedural History

        Plaintiffs Ace and J.M. have both served, at various times, as subcontractors for

Defendant Deviney in conjunction with Deviney's work as an underground utility contractor.

This lawsuit involves unpaid invoices for work undertaken by Ace and J.M. as Deviney

subcontractors.

        The first set of unpaid invoices relate to work performed by Ace in February and March

2006 under a February 2004 Independent Contractor Agreement ("ICA") with Deviney.  These

invoices total $33,186.61 and have not been paid.  In April 2008, Ace's president, John Moore,

formed J.M., and shortly thereafter invoiced Deviney another $16,600.00 that remains

outstanding.  Finally, on July 31, 2009, J.M. entered into an ICA with Deviney under which it

invoiced $200,335.25 that has not been paid.

        In August 2012, J.M. cancelled its then-existing ICA with Deviney for nonpayment of

invoices and demanded payment.  Deviney responded by explaining that Ace and J.M. were alter

egos and that Deviney was therefore holding the funds owed J.M. pursuant to the terms of yet

another ICA that Ace executed in 2007, before J.M. was formed.  Mot. [42] Ex. M.  That ICA

covered work Ace performed in Philadelphia, Mississippi, and included a broad defense and

indemnity provision in Deviney's favor.  Deviney claims that Plaintiffs breached this provision

when they refused to defend or indemnify Deviney for claims arising out of a September 15,

2007 gas explosion.  To date, Ace has neither defended nor indemnified Deviney in the

underlying lawsuits, and on July 28, 2011, Deviney filed the lead of these consolidated cases

against Ace and its commercial general liability insurer arising out of that alleged failure.

On January 15, 2013, Ace and J.M. filed this lawsuit against Deviney, asserting claims for breach of contract and bad-faith breach of contract. Deviney removed the case to this Court and filed an answer and counterclaim related to the refusal to defend and indemnify. The two Deviney cases were consolidated on April 2, 2013. Ace and J.M. have now moved for partial summary judgment. They seek a ruling in their favor on their breach-of-contract claims but have not sought summary judgment on the bad-faith claim. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*,

276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)

(en banc); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

According to Ace and J.M., there exists no dispute that Deviney owes and has not yet

paid the sums claimed.  In response, Deviney argues (1) that Plaintiffs' claims are barred by the

statute of limitations, (2) that Ace and J.M.'s status as alter egos makes summary judgment

improper, (3) that a "hold back" provision in a 2011 supplement to J.M.'s 2009 ICA allows

Deviney to withhold the funds at issue, and (4) that Deviney is entitled to set off or recoupment

based on Ace's obligations under the indemnity provision in the 2007 ICA.

A.    Statute of Limitations

There is no apparent dispute that Ace and J.M. performed the work for which Deviney

refuses to pay.  Deviney argues, however, that summary judgment in Plaintiffs' favor is improper

because the statute of limitations has run on their claims.  According to Deviney, Plaintiffs assert

claims on open accounts, which must be brought within three years of the date on which payment

is due.  Miss. Code Ann. § 15-1-29.  Deviney then suggests that the statute of limitations on

Plaintiffs' claims expired well before suit was filed in January 2013.

Without conceding that Deviney has identified the proper limitations period, Plaintiffs

claim Deviney waived this affirmative defense.  They note that Deviney failed to raise it at any

time before its response to Plaintiffs' motions for partial summary judgment.  The Court agrees

Deviney waived the statute-of-limitations defense.

Federal Rule of Civil Procedure 8(c)(1) requires a party to "affirmatively state any

avoidance or affirmative defense" in its answer.  Whether a defense is an affirmative defense

4

turns on state law, and under Mississippi law, "[a] plea of the statute of limitations is an affirmative defense . . . ." *Graham v. Pugh*, 417 So. 2d 536, 540–41 (Miss. 1982). "Failure to timely plead an affirmative defense may result in waiver and the exclusion of the defense from the case." *LSREF2 Baron, L.L.C. v. Tauch*, No. 11-30846, 2014 WL 1813151, at *2 (5th Cir. May 7, 2014) (citation omitted).

But "a technical failure to comply precisely with Rule 8(c) is not fatal." *Id.* at *3 (quotation marks and citations omitted). "A defendant does not waive a defense if it was raised at a 'pragmatically sufficient time' and did not prejudice the plaintiff in its ability to respond." *Id.* (citing *Rogers v. McDorman*, 521 F.3d 381, 386 (5th Cir. 2008)). "Unfair surprise and prejudice are central concerns underlying the requirement that a defendant timely plead affirmative defenses. Plaintiffs must be aware of issues outside of their petitions so that they can prepare oppositions and adjust their cases in light of new facts and issues." *Id.* at *6 (citation omitted). "Whether there was unfair surprise or prejudice is a fact-specific inquiry based on the circumstances of the case." *Id.* (citations omitted).

Plaintiffs are correct that Deviney failed to specifically and sufficiently raise the statute of limitations in its Answer filed February 27, 2013. And there is no apparent dispute that Deviney made no reference to the issue through disclosures or during months of discovery. Nearly one year after filing its Answer, Deviney first mentioned the statute of limitations in its January 15, 2014 response to Plaintiffs' motion for partial summary judgment. By then, the deadline to amend pleadings had long since passed, as had the deadlines for expert designations, and the deadline for discovery was about three weeks away. Even now, Deviney has never moved to

amend its Answer, and has never pursued the statute-of-limitations defense in a dispositive

motion—the deadline for which has now expired.

Plaintiffs note in their reply that they were denied the right to factually pursue certain

avoidances through discovery and that they filed their dispositive motion without notice that

Deviney may raise the statute of limitations.  The fact that Deviney never moved to dismiss or for

summary judgment on this issue at least supports Plaintiffs' contention that factual issues exist

for which Plaintiffs should have been allowed discovery and notice before they moved for

summary judgment.  It should also be noted that Plaintiffs were allowed to incur the time and

expense of litigating for nearly a year without notice of this affirmative defense.

These facts are similar to those recently reviewed in *LSREF2 Baron*, where an affirmative

defense was mentioned for the first time in response to a motion for summary judgment.  The

trial court ruled that the defense had been waived, and the Fifth Circuit found no abuse of

discretion.  2014 WL 1813151, at *6–7.  Under the circumstances, Deviney's failure to raise the

issue until the eleventh hour unfairly surprised and prejudiced Plaintiffs.  Deviney's timing was

not pragmatically sufficient, and as a result, Deviney waived its statute-of-limitations defense.

B.      Alter Egos

Deviney states that it "genuinely disputes the identity in which J.M. conducted its

business operations when it completed $200,000.00 worth of invoiced work" under the 2009

ICA.  Def.'s Mem. [60] at 6.  Deviney's argument appears to be that if J.M. was merely an alter

ego for Ace in connection with the 2009 ICA, then J.M.'s claim for the outstanding amounts

owed would be subject to the defenses Deviney has to Ace's claims.  Ace and J.M. have

conceded, for purposes of this motion, that they are alter egos for one another, making any

defenses Deviney has to Ace's claims for reimbursement equally applicable to J.M.'s claims.

Deviney's alter-ego argument, in and of itself, does not preclude summary judgment.

      C.     "Hold Back" Provision of the 2009 ICA

Deviney argues that it is contractually allowed to withhold payment on the disputed

invoices.  It points to a 2011 supplemental agreement that modified section 28 of the 2009 ICA.

Def.'s Mem. [60] at 7–8.  Section 28 of the 2009 ICA—before it was amended—provided as

follows:

> (a)  Independent Contractor shall not assign this Agreement, or any part or interest therein, or any money due or to become due, without Company's prior written consent.  If Company so consents, such assignment is subject and subordinated to all labor preferences and other liabilities, actual or potential, as may be imposed on Company due to any obligation or liability of Independent Contractor.

> (b)  The Independent Contractor shall not assign any or all of the work to be performed by the Independent Contractor to any other independent contractor, subcontractor, firm, person or corporation.  Any such assignment of work shall be deemed to be a material breach of this Independent Contractor Agreement which may result in the Company terminating this Independent Contractor Agreement.

Mot. [42] Ex. K, at 18.  The 2011 supplement expands upon these requirements by enumerating a

number of "acts [that] would be a violation of section 28 of the agreement," including

> 3.  Allowing any person, firm, or corporation to perform any work assigned to independent contractor.  This includes any sub-contracting of any work assigned to independent contractor. . . .

> 4.  Using any vehicles or equipment owned by another person, firm, or corporation.  Independent contractor shall only use equipment and vehicles owned/rented/leased by independent contractor to perform work under the agreement and said equipment and vehicles shall be covered under independent contractor's insurance as required under the agreement.

Def.'s Resp. [59] Ex. C.  The supplement also permits Deviney to withhold sums due if the

independent contractor violates section 28:

> If independent contractor shall incur any claim as a result of its violation or breach
> of Section 28 or this supplemental provision to Section 28, or should Deviney be
> notified of any claim or any potential or alleged claim of any other independent
> contractor, subcontractor, person, firm, or corporation against independent
> contractor or Deviney, and if Deviney should determine in its sole discretion that
> independent contractor violated any of the terms of these sections, Deviney may
> withhold any and all sums due to independent contractor under the agreement.
> All sums due to the independent contractor will be held by Deviney until all
> claims or potential claims have been resolved.

*Id.*  These provisions of the 2009 ICA are the only provisions upon which Deviney premises its

contract-based argument for avoiding summary judgment.[2]

According to Deviney, Plaintiffs may have violated section 28 as amended.  *See* Def.'s

Mem. [60] at 8.  Deviney cites no other provision of the 2009 ICA that may have been breached,

and it fails to explain exactly how Plaintiffs breached section 28.  *Id*.  Instead, Deviney argues

that "[w]ithout factual support regarding the performance of the 2009 Agreement pursuant to the

Supplemental Provision, summary judgment should be denied . . . ."  *Id*.  In other words,

Deviney speculates that Plaintiffs may have violated section 28 and therefore it was appropriate

to withhold payments.

Such arguments cannot defeat a properly supported motion for summary judgment.  *See,*

*e.g.*, *TIG Ins. Co.*, 276 F.3d at 759.  Pursuant to Rule 56(c)(1), a party asserting that a fact "is

genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or

---

[2]Deviney does make equitable arguments related to the 2007 ICA that will be addressed
below, but it has not argued—nor could it—that the 2007 ICA provides a contractual basis for
withholding payment for work not covered by that ICA.

declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Deviney

has not done so and has not created a question of fact.[3]

     D.     Recoupment or Set Off

Deviney finally asserts that it has a valid recoupment claim against Plaintiffs that

precludes the entry of summary judgment on the breach-of-contract claims. Deviney's answer

does not use the word recoupment, but does include a counterclaim for set off. Answer [8] ¶ 17.

And its summary-judgment response mentions set off, though it seems to focus on a recoupment

theory. Labels aside, Deviney's basic argument is that Ace and its alter ego J.M. have breached

an agreement to defend Deviney in the underlying litigation, and that any money it may owe

Plaintiffs on their claims should be set off by any amount Plaintiffs are determined to owe

Deviney.

Plaintiffs correctly point out that recoupment and set off are different legal theories with

different requirements. *See Shular Contracting, Inc. v. Bayou Concrete, LLC*, 2010 WL

2802158, No. 1:09cv206-LG-RHW, at *5–6 (S.D. Miss. July 14, 2010) (citing *Myers v. Estell*,

47 Miss. 4, 17 (1872)). But the Court need not determine the extent to which Deviney may be

entitled to either remedy in the event it succeeds on its counterclaim, because Deviney's

counterclaim does not impact the Court's conclusion that Ace and J.M. are entitled to summary

---

[3]Even had Deviney supported this argument, other problems exist. First, the argument would not explain the failure to pay invoices for work performed outside the scope of the 2009 ICA. Second, Deviney waived its claim that Plaintiffs breached section 28 by raising it for the first time in response to a motion for summary judgment. *See Woodfield v. Bowman*, 193 F.3d 354, 361 (5th Cir. 1999) (finding "boilerplate" defensive pleading insufficient under Federal Rule of Civil Procedure 8(c)). Finally, if Deviney is suggesting J.M. breached section 28 by using Ace's equipment—an argument that is not clearly stated—then it would conflict with the conceded argument that the two were alter egos.

judgment on their breach-of-contract claims.  While the counterclaim could ultimately reduce—or negate entirely—the amount Deviney owes Plaintiffs, it does not affect the substantive legal ruling on whether Deviney breached its contracts with Ace and J.M.  What money may ultimately change hands will depend on whether Plaintiffs succeed on their bad-faith claim at trial, whether Deviney succeeds on its counterclaim, and what amounts are awarded on those claims.

Finally, this ruling will not have the impact Deviney seems to fear—placing the disputed funds in Plaintiffs' hands though they may ultimately owe Deviney.  The Court's summary judgment on the breach-of-contract claims "adjudicates fewer than all of the claims [and therefore does] not terminate the action as to any of the claims or parties."  Fed. R. Civ. P. 54(b).  It is not a final judgment subject to execution at this time.

IV.    Conclusion

The Court has considered all of the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiffs' motions for partial summary judgment [42, 43] are granted and judgment is entered in favor of Plaintiffs on their breach-of-contract claims.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

10